■ GEORGE R. ARMITAGE, JR., et al., Respondents, v JAMES W. HEARY, Appellant.—Judgment unanimously reversed, without costs, and matter remitted to Niagara County Supreme Court for a hearing in accordance with the following memorandum: Following commencement of an action for judicial dissolution of a partnership, plaintiffs and defendant stipulated, *inter alia,* to the appointment of a referee to prepare an accounting of partnership assets. The referee subsequently submitted his accounting, covering the period from the date of dissolution, February 5, 1972 through October 31, 1972, and an order was entered directing payment of the "net cash available for distribution". Defendant did not appeal from this order which was satisfied by execution. Thereafter, plaintiffs prepared a supplemental report through October 31, 1974 setting forth the proportionate distributable shares of certain funds which were received after acceptance of the referee's accounting. Defendant, however, objected to these computations and submitted a supplemental accounting of his own. Although the court subsequently scheduled a hearing to resolve the differences between these reports, because of various reasons none of which was the fault of the parties, that hearing was not held. Thereafter, an order was entered accepting plaintiffs' figures. We find that in the interests of justice this matter should be remitted for a hearing to determine the propriety of the supplemental computations, except insofar as they adopt the figures origi-

nally used by the referee in his accounting. Defendant, by virtue of his failure to appeal the order implementing that accounting by directing payment of the "net cash available for distribution", is bound by those figures. For the same reason, defendant is limited to contesting the distributable shares of assets solely from October 31, 1972 through October 31, 1974, the period not covered by the referee. Finally, the order providing for security in the amount of $4,000 pending this appeal shall be continued until the hearing is concluded and an order entered setting forth the distribution to be made to the parties; if an appeal is taken from that order an application may be made to the trial court for security pending that appeal. (Appeal from judgment of Niagara Supreme Court—partnership accounting.) Present—Moule, J. P., Cardamone, Simons, Dillon and Goldman, JJ.